1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9    WILLIE WEAVER,                          CASE NO. 1:06-CV-01102-AWI-SMS-P

10                    Plaintiff,             ORDER DISMISSING ACTION, WITHOUT
                                             PREJUDICE, FOR FAILURE TO EXHAUST
11        v.                                 PRIOR TO FILING SUIT

12   CALIFORNIA CORRECTIONAL                 (Doc. 1)
     INSTITUTION BUILDING A-4A-4
13   DIRECTOR, et al.,

14                    Defendants.
                                        /
15

16        Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights

17   action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 21, 2006, but has not paid

18   the $350.00 filing fee.[1]

19        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

20   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

21   confined in any jail, prison, or other correctional facility until such administrative remedies as are

22   available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement

23   applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).

24

25        [1] Absent a showing of imminent danger of serious physical injury, plaintiff is ineligible to proceed in forma
     pauperis in this action because he has had at least three previous actions dismissed for failure to state a claim,
26   frivolousness, or maliciousness. 28 U.S.C. § 1915(g).  The Court takes judicial notice of case numbers 1:06-CV-
     00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for
27   failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional
     Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-
28   CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for
     failure to state a claim and frivolousness).

1

Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The claim in this action is based on events that allegedly occurred on August 10, 2006, three days before plaintiff dated the complaint.  Further, plaintiff concedes in his complaint that exhaustion of his claim has not yet occurred.  Because is it clear from the face of plaintiff's complaint that he did not exhaust the available administrative remedies prior to filing suit, this action must be dismissed.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting the available administrative remedies prior to filing suit.

IT IS SO ORDERED.

**Dated:     October 3, 2006     **              _____/s/ Anthony W. Ishii_____
0m8i78                                         UNITED STATES DISTRICT JUDGE